UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | : |
| | : APPEAL CASE NO. 3:06-cv-768-J-25MCR |
| **GERALD MONSOUR ASKER** | : |
| | : |
| Debtor, | : BKC. CASE NO.: 3:05-bk-13415-GLP |
| | : |
| **EAST COAST FRUIT CO., INC.,** | : CHAPTER 7 |
| **PITMAN & SONS, INC.,** and | : |
| **MOVSOVITZ & SONS OF** | : ADV. NO. 3:06-ap-0034GLP |
| **FLORIDA, INC.** | : |
| | : |
| Plaintiffs/Appellants | : |
| | : |
| v. | : |
| | : |
| **GERALD MONSOUR ASKER** | : |
| | : |
| Defendant/Appellee | : |

# APPELLANTS' REPLY BRIEF.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................3

ARGUMENT .........................................................................................................4

   **I.**    The PACA is an express or technical trust for purposes of 11 U.S.C. § 523(a)(4). .4

   **II.**    Holding that the PACA trust is not an express or technical trust undermines the intent of Congress. ...............................................................................8

   **III.**    The issue of hardship is irrelevant. ....................................................10

CONCLUSION ....................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

Cardile Bros. Mushroom Packing, Inc. v. McCue (In re McCue), 324 B.R. 389 (Bankr. M.D. Fla. 2005) ................................................................................................................................4

Consumers Produce, Inc. v. Masedea (In re Masdea), 307 B.R. 466 (Bankr. W.D. Pa. 2004) ......7

DeBruyn Produce Co. v. Victor Foods, Inc., 674 F.Supp. 1405 (E.D. Mo. 1987)........................6

Eavenson v. Ramey, 243 B.R. 160, 166 (N.D. Ga. 1999) ................................................................8

Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc., 217 F.3d 348 (5th Cir. 2000)..... 5, 8, 10

In re Hutchinson, 193 B.R. 61 (Bankr. M.D. Fla. 1996) ..................................................................4

Jacobs v. Mones (In re Mones), 169 B.R. 246, 255 (Bankr. D.D.C. 1994) ...................................7

Larry Sheppard v. KB Fruit & Vegetable, Inc., 868 F.Supp. 703 (E.D. Pa. 1994).......................5

Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F.Supp. 346 (S.D.N.Y 1993) ........................5

N.P. Deoudes v. Snyder (In re Snyder), 184 B.R. 473, 475 (D. Md. 1995) ..................................7

Nix v. Adam's Produce Co. (In re Nix), 1992 U.S. Dist. LEXIS 22080; 1992 WL 119143 (M.D. Ga. 1992) ...................................................................................................................................7

Nuchief Sales, Inc. v. Harper (In re Harper), 150 B.R. 416, 419 (Bankr. E.D. Tenn. 1993)..........7

Quaif v. Johnson, 4 F.3d 950, 955 (11th Cir. 1993) ......................................................................6

Reds Market v. Cape Canaveral Cruise Line, Inc., 181 F. Supp. 2d 1339 (M.D. Fla. 2002), aff'd 2002 WL 2001204 (11th Cir. 2002) ...............................................................................8

Reds Market v. Cape Canaveral Cruise Line, Inc., 181 F. Supp. 2d 1339. (M.D. Fla. 2002), aff'd 2002 WL 2001204 (11th Cir. 2002) ...............................................................................5

Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997) .........................................5, 8

Tom Lange Co., Inc v. Stout (In re Stout), 123 B.R. 412 (Bankr. W.D. Okla. 1990)...................7

Weis-Buy Servs. v. Paglia, 411 F.3d 415, 421 (3d Cir. 2005).....................................................10

Wright v. Menendez (In re Menendez), 107 B.R. 789, 792 (Bankr. M.D. Fla. 1989) ..............6, 7

**Statutes**

11 U.S.C. §523(a)(4)........................................................................................................4, 6

7 U.S.C. §499e(c)..................................................................................................................4

7 U.S.C. §499e(c)(2).........................................................................................................7, 8

7 U.S.C. §499e(c)(4)(i).........................................................................................................9

7 U.S.C. §499e(c)(4)(ii)........................................................................................................9

**Other Authorities**

1984 U.S.C.C.A.N. 406 .........................................................................................................8

**Regulations**

7 C.F.R. § 46.46(a)(1)........................................................................................................5, 8

7 C.F.R. § 46.46(d)(2)...........................................................................................................6

7 C.F.R. § 46.46(f)................................................................................................................6

7 C.F.R. § 46.46(f)(1) ...........................................................................................................6

**ARGUMENT**

**I.      The PACA is an express or technical trust for purposes of 11 U.S.C. § 523(a)(4).**

Section 523(a)(4) of the Bankruptcy Code provides that any debt incurred because of "fraud or defalcation while acting in a fiduciary capacity" is excepted from a debtor's discharge. 11 U.S.C. §523(a)(4).  As the Debtor/Appellee, Gerald Monsour Asker ("Asker"), has stipulated, Plaintiffs/Appellants sold produce worth $31,936.85, subject to the trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), to Asker's companies, Premier Meats, Inc., a/t/a Premier Foods and Premier Meats, Inc. #2, a/t/a Premier Foods ("Premier Corps."), from October 9, 2004 to July 9, 2005.  Stipulation as to Facts, Appendix, pp. 1-2.  Asker further stipulated that the Premier Corps. failed to pay for the produce, and that PACA assets are not freely available to pay Appellants.  Id., p. 2.

The Bankruptcy Court held that the PACA statutory trust does not create a technical or express trust because PACA does not require segregation of trust assets.  Appendix of Exhibits to Appellants Brief ("Appendix"), p. 55.  Thus, the crux of the issue in this case is whether assets must be segregated for a technical or express trust to exist, and for the defalcation provision of 11 U.S.C. §523(a)(4) to apply.

Regardless of the other trust-like duties imposed by PACA, Asker argues that PACA is not an express or technical trust because it does not require segregation of the trust *res*.  The Bankruptcy Court agreed, basing its ruling on a previous holding in In re Hutchinson, 193 B.R. 61 (Bankr. M.D. Fla. 1996), as applied in Cardile Bros. Mushroom Packing, Inc. v. McCue (In re McCue), 324 B.R. 389 (Bankr. M.D. Fla. 2005).

While <u>Hutchinson</u> includes segregation as an element of a technical or express trust, it does not address determination of an express or technical trust by operation of statute.[1]  Asker argues that the difference between a trust arising by statute and one arising by contract is irrelevant.  Appellee's Brief, p. 8.  However, the Eleventh Circuit disagreed, noting that this is an essential distinction because it goes to the relationship between the debtor and creditor.  <u>Quaif</u>, 4 F.3d at 954.  The Appellants are not merely general creditors of debtor who are asserting that Asker had some non-specific fiduciary duty; Appellants are indisputably protected by the statutory trust imposed by PACA on the assets of the Premier Corps.

Further, PACA imposes specific fiduciary duties on the purchasers of produce.  Such fiduciary duties are not carried out by a business or corporation, but by the individuals who are responsible for the operation of the corporation. <u>Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.</u>, 217 F.3d 348 (5th Cir. 2000); <u>Sunkist Growers, Inc. v. Fisher</u>, 104 F.3d 280, 283 (9th Cir. 1997); <u>Larry Sheppard v. KB Fruit & Vegetable, Inc.</u>, 868 F.Supp. 703 (E.D. Pa. 1994); <u>Morris Okun, Inc. v. Harry Zimmerman, Inc.</u>, 814 F.Supp. 346 (S.D.N.Y 1993); <u>Reds Market v. Cape Canaveral Cruise Line, Inc.</u>, 181 F. Supp. 2d 1339. (M.D. Fla. 2002), <u>aff'd</u> 2002 WL 2001204 (11th Cir. 2002).  Asker was "an officer of Premier Corps. who operated the Premier Corps., and was in a position of control over Premier Corps. and their assets."  Stipulation as to Facts, Appendix, p. 2. Asker's fiduciary duties included (1) maintenance of the trust assets in a manner that such assets are freely available to satisfy outstanding obligations to produce sellers (7 C.F.R. §46.46(a)(1)); (2) prohibition on dissipation of trust assets (7 C.F.R. §46.46(a)(1)); (3) payment of produce suppliers

---

[1]  In <u>Hutchinson</u>, the plaintiff insurer brought a complaint excepting to discharge against the defendant, who operated a yacht brokerage business. 193 B.R. 61. After repairs were made the plaintiff's yacht by defendant's marine surveyor, the yacht sank.  <u>Id.</u>  The plaintiff advanced costs to the insured buyer in accordance with the policy, and brought a claim against the defendant for, among other counts, defalcation under Section 523(a)(4).  <u>Id.</u>  There was no contractual or statutory basis to merit plaintiff's assertion that defendant had a fiduciary duty to the plaintiff.  <u>Id.</u> at 66.

in a timely manner from the trust assets (7 C.F.R. §46.46(f)); (4) if he were acting on behalf of a supplier, he must file trust notices for the supplier (7 C.F.R. §46.46(d)(2)); (5) maintenance of copies of payment agreements in the corporations' files (7 C.F.R. §46.46(f)(1)); and (6) bookkeeping entries to identify what assets are part of the trust for the benefit of produce suppliers (DeBruyn Produce Co. v. Victor Foods, Inc., 674 F.Supp. 1405 (E.D. Mo. 1987)). Thus, the relationship between Asker and the Appellants clearly shows that he was acting in a fiduciary capacity for purposes of §523(a)(4). See Quaif v. Johnson, 4 F.3d 950, 955 (11th Cir. 1993).

Asker misstates the holding in Quaif, stating that "there must be sufficient segregation of trust funds to satisfy the requirement under §523(a)(4) that fiduciary duties were created prior to the alleged defalcation." Appellee's Brief, p. 10. Quaif does not state that segregation is an essential element; instead it states that the separation of funds required by the statute is in itself "sufficient 'segregation' to satisfy the requirement that the fiduciary duties be created prior to the act of defalcation." Quaif, 4 F.3d at 954 (emphasis added). In this passage, the Eleventh Circuit is not requiring segregation of funds. The Court is noting that separation of the funds is sufficient to find that the fiduciary duty arising by statute was imposed prior to the bad act. Id. In this passage, the Court is addressing the question of whether the fiduciary duty arose *ex maleficio*. Asker makes no argument that the PACA trust arises *ex maleficio*, and this issue is irrelevant here.

Asker also incorrectly argues that "the court in In re Menendez acknowledged that, while not settled, the statutory trust at issue did require a segregation of assets . . . ." Appellee's Brief, p. 10. Actually, the Menendez court wrote that "segregation of the funds is not a mandatory element for an express trust to exist." Wright v. Menendez (In re Menendez), 107 B.R. 789, 792

(Bankr. M.D. Fla. 1989).   The Court further noted that, <u>even if</u> segregation were a required element, the language of the statue is sufficient.

> Although the language of the statute does not include the word 'segregation,' the language contemplates a trust consisting solely of the property of the dissolved corporation.  Therefore, the Court finds that the statutory trust created by Fla. Stat. § 607.301 fulfills the requirement under 11 U.S.C. § 523(a)(4) that there be an "express or technical" trust creating the fiduciary capacity.

<u>In re Menendez</u>, 107 B.R. at 792.

Similarly, PACA establishes a trust consisting of "perishable agricultural commodities . . . and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products."  7 U.S.C. §499e(c)(2). Thus, even if segregation were required, the description of the PACA trust *res* clearly satisfies this requirement as interpreted by the Bankruptcy Court in <u>Menendez</u>. <u>N.P. Deoudes v. Snyder (In re Snyder)</u>, 184 B.R. 473, 475 (D. Md. 1995) (The "statute must define the trust *res*, spell out the trustee's fiduciary duties and impose a trust prior to and without reference to the wrong which created the debt."); <u>Nuchief Sales, Inc. v. Harper (In re Harper)</u>, 150 B.R. 416, 419 (Bankr. E.D. Tenn. 1993); <u>Consumers Produce, Inc. v. Masedea (In re Masdea)</u>, 307 B.R. 466 (Bankr. W.D. Pa. 2004); <u>Tom Lange Co., Inc v. Stout (In re Stout)</u>, 123 B.R. 412 (Bankr. W.D. Okla. 1990); <u>Nix v. Adam's Produce Co. (In re Nix)</u>, 1992 U.S. Dist. LEXIS 22080; 1992 WL 119143 (M.D. Ga. 1992). These cases found that the statutory trust created by PACA satisfies the "express or technical trust" requirement found in Section 523(a)(4).

Segregation is best considered as one of many trust-like duties which could be imposed by statute.  A statute creates a fiduciary duty if it "'contains requirements very must like those traditionally imposed on a trustee,' <u>such as</u> requiring segregating . . . ." <u>Jacobs v. Mones (In re Mones)</u>, 169 B.R. 246, 255 (Bankr. D.D.C. 1994) (emphasis added).  In <u>Eavenson</u>, the court wrote that it is enough that the trust *res* is identifiable to find that it is a "technical" trust for

purposes of Section 523(a)(4).  <u>Eavenson v. Ramey</u>, 243 B.R. 160, 166 (N.D. Ga. 1999).  As discussed above, and more fully in Appellants' Brief, the PACA statute imposes many trust-like duties, such as maintenance of trust assets to ensure that they are freely available to pay produce suppliers and a prohibition on dissipation of PACA trust assets.  7 C.F.R. §46.46(a)(1).  "Any act or omission inconsistent with this responsibility, including dissipation of trust assets, is unlawful and a violation of [7 U.S.C. §499b]."  <u>In re Harper</u>, 150 B.R. at 419.  Breach of the fiduciary duties imposed by PACA results in personal liability for an individual who is in a position of control over PACA trust assets, and has failed to preserve those assets for the beneficiaries.  <u>See</u>, <u>e.g.</u>, <u>Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.</u>, 217 F.3d 348 (5th Cir. 2000); <u>Sunkist Growers, Inc. v. Fisher</u>, 104 F.3d 280, 283 (9th Cir. 1997); <u>Reds Market v. Cape Canaveral Cruise Line, Inc.</u>, 181 F.Supp. 2d 1339 (M.D. Fla. 2002), <u>aff'd</u> 2002 WL 2001204 (11th Cir. 2002).  Thus, the statutory trust created by PACA clearly imposes sufficient trust-like duties for the PACA trust to be considered a technical or express trust for purposes of §523(a)(4).

## II.    Holding that the PACA trust is not an express or technical trust undermines the intent of Congress.

Congress amended PACA to "increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities until <u>full payment of sums due</u> has been received by them." 1984 U.S.C.C.A.N. 406 (emphasis added).  In doing so, Congress wrote that those commodities or their proceeds "shall be held by such commission merchant, dealer, or broker <u>in trust</u> for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents." 7 U.S.C. §499e(c)(2) (emphasis added).  In

order to enforce this trust provision, Congress included a provision enabling trust beneficiaries to file suit in federal district court to enforce payment (7 U.S.C. §499e(c)(4)(i)) and empowered the Secretary of Agriculture to file suit to prevent and restrain dissipation of the trust (7 U.S.C. §499e(c)(4)(ii)).

Despite the clear purpose and intent of Congress, the holding by the Bankruptcy Court undermines Congressional intent to impose a statutory trust on produce, inventories of food or other products derived from produce, and any receivables or proceeds from the sale of produce. Instead, the holding by the Bankruptcy Court reduces the positions of the PACA trust beneficiaries to those of mere general unsecured creditors. Such a holding is in direct conflict with the clear and express language of PACA.

Asker stipulated that the produce sales at issue here were made subject to PACA. Stipulation as to Facts, Appendix p. 2. Asker also stipulated that "PACA assets are not freely available to pay plaintiffs." Id. Now, although the sales were made subject to the trust provisions of PACA, and although assets impressed with the PACA trust are insufficient to pay Appellants, Asker now argues that there is no trust. This result is illogical – if there is no trust, then how can he stipulate that there are "PACA assets"? It is inconsistent to find that the produce sales at issue were made subject to the trust provisions of PACA, and that PACA assets are not freely available to pay Appellants, but then find that the trust provisions of PACA should not apply when the responsible principal of the produce company files for bankruptcy protection. Such a result undermines the clear purpose and intent of Congress.

### III.   The issue of hardship is irrelevant.

Finally, Asker aruges that the denial of his discharge would be a "harsh measure."  Both the Fifth and Third Circuits have recognized that "PACA is a tough law" when it comes to the liability of the individual officers and directors of a produce company.  <u>Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.</u>, 217 F.3d 348 (5th Cir. 2000); <u>Weis-Buy Servs. v. Paglia</u>, 411 F.3d 415, 421 (3d Cir. 2005). "An investor in a perishable commodities corporation should know at the beginning of his association with such a corporation that he is 'buying into' a corporation which is strictly regulated by the federal government through PACA. <u>Golman-Hayden Co., Inc.</u>, 217 F.3d at 350 (internal citations omitted).

The Premier Corps. were licensed under PACA as dealers.  Stipulation as to Facts, Appendix, p. 1.  Asker was an officer of the Premier Corps., who operated the Premier Corps., and was in a position of control over their assets.  <u>Id.</u>, p. 2.  Based on his position and his companies' licenses under PACA, it cannot be disputed that he knew the rights and responsibilities imposed by PACA.  His contention that he should be free from liability for breaching and dissipating PACA trust is without merit.

## CONCLUSION

For the foregoing reasons, Appellants request that the Judgment in favor of Asker and against Appellants be overturned, and that Judgment in favor of Appellants and against Asker be entered.

DATED this 12th day of October, 2006.

McCARRON & DIESS
Kate Ellis
4900 Massachusetts Ave., N.W. Suite 310
Washington, D.C.  20016
(202) 364-0400
(202) 364-2731 (Fax))

and

Ronald Bergwerk
Florida Bar ID Number 281255
PO Box 17667
Jacksonville, Florida 32245
(904) 353-1533

s/ Ronald Bergwerk
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Robert Altman.

/s/ Ronald Bergwerk
Attorney